IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK MILLIGAN, SR., ) | |
| ID # 1883403, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:17-CV-1837-L (BH) |
| ) | |
| DONALD MUNIZ, Warden, ) | Referred to U.S. Magistrate Judge |
| Respondent. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation. Before the Court is the petitioner's *Petition Motion for a Stay*, received on March 22, 2018 (doc. 26). Based on the relevant filings and applicable law, the motion to stay should be **DENIED**.

### I. BACKGROUND

On July 17, 2017, the petitioner filed a habeas petition under 28 U.S.C. § 2254 challenging his state conviction for murder. (*See* doc. 3.) His *Motion to Compel Discovery*, received on August 2, 2017, was denied on August 7, 2017 (docs. 8, 9), and his *Motion for Leave to Expand the Record Through Discovery*, received on August 29, 2017, was denied on August 30, 2017 (docs. 11, 12). On December 11, 2017, the respondent filed an answer. (*See* doc. 22.) The petitioner filed a reply on March 2, 2018. (*See* doc. 24.) His *Motion for Evidentiary Hearing*, received on March 2, 2018, was denied on March 5, 2018. (*See* docs. 24, 25).

### II. STAY

The petitioner now seeks a stay so that he may return to state court and present additional evidence in support of his claims. (doc. 26.)

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28

U.S.C. § 2254(b).  To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court.  *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).[1]  Where a federal petition for writ of habeas corpus contains unexhausted grounds for relief, federal courts have the discretion to either stay and abate or dismiss the federal action.  *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998).  A stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The petitioner has not met the *Rhines* standard.  He has not explained or shown good cause for his failure to present the additional evidence in support of his claims in state court before filing his § 2254 petition.  He has not shown that he is entitled to a stay.

### III.  RECOMMENDATION

The petitioner's motion to stay (doc. 26) should be **DENIED**.

**SO RECOMMENDED this 23rd day of March, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] A federal court's review under 28 U.S.C. § 2254 is limited to the record that was before the state court that adjudicated the claims on the merits. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

 A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                              */s/ Irma Carrillo Ramirez*
                              IRMA CARRILLO RAMIREZ
                          UNITED STATES MAGISTRATE JUDGE