IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARK MILLIGAN, SR., #1883404,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:17-CV-1837-L** |
| | § | |
| **DONALD MUNIZ, Warden,** | § | |
| | § | |
| Respondent. | § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 9) was entered on April 26, 2019, recommending that the court deny the claims in Petitioner's habeas petition (Doc. 3) that was filed pursuant to 28 U.S.C. § 2254, and dismiss with prejudice this action. Petitioner filed thirty-six pages of objections and evidence to the Report (Docs. 32, 33).

In his objections, Petitioner contends that the woman referred to as his "Girlfriend" in the Report was actually his common-law wife and the mother of his children. This objection pertains to Petitioner's ineffective assistance of counsel claim and contention that trial counsel failed to investigate and obtain school and other records to support a "justification defense." Petitioner contends that such evidence would have established that he resided at the apartment where he shot and killed the boyfriend of his common-law wife, and that he, therefore, had the right to be present at the apartment and was justified in killing the boyfriend in defense of his wife and family, whereas the boyfriend had no right to be present at the apartment. *See* Report 8; Pet. for Writ of Habeas Corpus 6-7.

**Order – Page 1**

In addition, Petitioner takes issue with the Report's reliance on his former trial counsel's affidavit that was submitted in response to claims of ineffective assistance of counsel in Petitioner's state habeas petition for failure to investigate. Petitioner contends that the affidavit should not be considered as credible because the trial court order denying his motion for new trial is void and the trial court lacked jurisdiction to enter it. This objection is based on Petitioner's contention that the trial judge who denied his motion for new trial did so after entering an order on October 19, 2012, granting his trial attorney's motion to withdraw as counsel and recusing or disqualifying herself on the ground that she was not capable of being fair and impartial. Petitioner further asserts that his trial counsel was aware that the "trial judge had found herself ripe for recusal and unable to enter a judgment on any issue" in his case. Obj. 4 (Doc. 33).

Petitioner contends that a criminal defendant who is tried by an impartial judge is entitled to have his conviction set aside, regardless of the strength of the evidence against him. Petitioner argues that, if trial counsel knew that he had been removed as his counsel and the trial judge had recused herself, then trial counsel's performance was deficient, prejudicial, and unfair in presenting the motion for new trial to a biased judge. Petitioner contends that his trial counsel and the trial judge conspired to cover up their malice, which undermines the judicial system and deprived him of his constitutional right to a fair trial and hearing before a fair and impartial tribunal.

Having reviewed the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Petitioner's objections regarding his ineffective assistance of counsel claim based on a justification defense fail for the reasons set forth in the Report and are insufficient to overcome the

bases for the magistrate judge's recommendation that court deny his habeas claim on this ground. Moreover, the court was unable to find any habeas claim asserted by Petitioner in this case based on his contention that he was denied the constitutional right to an impartial trial as a result of his trial counsel's and the trial judge's subsequent withdrawal and recusal and their alleged conspiracy to cover-up wrongdoing or any request by Petitioner to amend his pleadings to assert such a claim. The court was also unable to verify Petitioner's contentions in support of this unpleaded claim, as it could not locate the materials cited by him.[1] The court, therefore, **overrules** Petitioner's objections (Docs. 32, 33), **denies** his habeas petition (Doc. 3), and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to

---

[1] Petitioner refers to this claim as his "cl[ai]m # 9," references an order dated, October 19, 2012, and a hearing that occurred on this date, and for support cites "See doc 23-25, Page #6 (at bottom of page not CMECF system and "'2012 Oct 22 AM 9:20' (doc 23-45) included in the 'State's Proposed Findings of Fact and Conclusions of Law' as Attachment A filed 2016 Dec 7 PM 1:24." *See* Obj. 1-3. The court has attempted but was unable to locate the document or documents cited by Petitioner. The docket sheet in this case only includes 33 entries, so Petitioner's citations to various "doc[s]" does not appear to refer to the numbers assigned to documents filed in this case. Document 23 includes the administrative record that is several hundred pages in length and includes 47 volumes. The court reviewed page 6 of Volume 23 of the administrative record, which is the State's Brief that was filed in the Court of Appeals for the Fifth District of Texas, at Dallas, on May 12, 2014, but it does not support Petitioner's objection. Volumes 24 and 25 consist of miscellaneous correspondence that do not pertain to Petitioner's objection. Page 6 of Volume 45 is a page from a motion for appointment of counsel filed by Petitioner that is also irrelevant. Moreover, even assuming that Petitioner's citations are to Volumes 23 through 45 of the administrative record, the court is not required to scour this large portion of the administrative record that consists of several hundred pages to locate documents supporting Petitioner's new contentions. *See Perez v. Johnson*, 122 F.3d 1067, 1997 WL 464599, at *1 (5th Cir. Oct. 14, 1997) (unpublished) (explaining that courts are not required to "scour the record for factual issues that might support a pro se litigant's position; it is that litigant's obligation to direct the court's attention to the relevant evidence."); *see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (holding that an appellant's pro se status does not excuse the appellant from identifying the portions of the record that support his or her claims).

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required

show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 22nd day of May, 2019.

Sam A. Lindsay
United States District Judge

---

by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.