IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK MILLIGAN, SR., | ) | |
| ID # 1883403, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:17-CV-1837-L (BH) |
| | ) | |
| DONALD MUNIZ, Warden, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Motion for Reconsideration of Final Judgment,* received on June 11, 2019.  (*See* doc. 41).  Based on the relevant filings, evidence and applicable law, the filing should be construed in part as a Rule 59(e) motion to alter or amend the judgment, and in part as a successive habeas petition under 28 U.S.C. § 2254.  The Rule 59(e) motion should be **DENIED**, and the successive habeas petition should severed, opened as a new case, and **TRANSFERRED** to the court of appeals.

**I.  BACKGROUND**

Mark Milligan, Sr. ("Petitioner") filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 challenging his conviction for murder.  (*See* doc. 3.)  On April 26, 2019, it was recommended that his claims regarding the state habeas process, the state habeas court's determinations, and the ineffective assistance of counsel, be denied with prejudice. (*See* doc. 30.)  The recommendation was adopted, and final judgment was entered on May 22, 2019.  (*See* docs. 34-35.) Petitioner now seeks reconsideration of the final judgment under Rule 60(b)(3) of the Federal Rules of Civil Procedure on grounds that he did not have access to the State court records and was denied an evidentiary

---

[1]  By *Special Order No. 3-251*, this habeas case was automatically referred for full case management, including determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions. The pending motion was also referred by order dated July 24, 2019.  (*See* doc. 42.)

hearing and appointment of counsel. (*See* doc. 41 at 1-5.)[2] He also raises a new claim that his trial counsel was ineffective for filing a motion for a new trial with a judge who had previously recused herself from Petitioner's case.  (*See id.* at 2-3.)

## II.  RULE 59(e)

"When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010).  Because Petitioner filed his motion within 28 days after judgment was entered in this case, it is properly construed as a motion to alter or amend judgment under Rule 59(e) instead of as a motion for relief under Rule 60(b).

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact.  *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483.  When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Petitioner alleges that he did not have access to the State court records and was denied an

---

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

evidentiary hearing and appointed counsel during his federal habeas proceedings. (*See* doc. 41 at 1-5.)[3]  His arguments fail to demonstrate the existence of an intervening change in controlling law, previously unavailable evidence, clear error of law, or a manifest injustice.  He has not shown that he is entitled to relief under Rule 59(e) on this basis.

### III. SUCCESSIVE PETITION

Petitioner also claims for the first time that his trial counsel provided ineffective assistance by filing a motion for a new trial with a judge that had previously recused herself from his case. (*See id.* at 2-3.)  He did not raise this claim in his § 2254 petition.  (*See* doc. 3 at 5-11.)

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's prior resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005).[4]  A district court cannot exercise

---

[3]  Because this portion of Petitioner's motion does not attack the resolution of his claims on the merits, but only an alleged defect in the integrity of the federal habeas proceedings, it does not raise a second or successive claim.  *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005); *Williams*, 602 F.3d at 303 & n. 10.

[4]  The Fifth Circuit has stated that it "[does] not believe that a habeas petitioner should have the opportunity to circumvent [the Anti-Terrorism and Effective Death Penalty Act's] jurisdictional bar on second or successive applications" through a motion under Rule 59(e).  *See Williams*, 602 F.3d at 303-04.

jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[5] A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner asserts a new claim that challenges the same conviction he challenged in his prior federal habeas petition, which was denied on the merits. Under *Hardemon* and *Crone*, he was required to present all available claims in those petitions. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), adopted by 2004

---

[5] Although Crone involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, Hardemon considered both challenges to be against "the same conviction".

4

WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether the petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petitions challenging the same convictions challenged in this case. The new claim of ineffective assistance of counsel is successive within the meaning of 28 U.S.C. § 2244(b) because this claim could have been raised in his initial federal petition challenging his conviction.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b) ]." *Id*. § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id*. § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider Petitioner's new claim, it lacks jurisdiction over the claim.

5

## IV.  RECOMMENDATION

Petitioner's *Motion for Reconsideration of Final Judgment,* received on June 11, 2019 (doc. 41), should be construed in part as a Rule 59(e) motion to alter or amend the judgment and **DENIED**.  The new claim of ineffective assistance of counsel in the motion, (*see* doc. 41 at 2-3), should be construed as a successive habeas petition under 28 U.S.C. § 2254, **SEVERED**, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  The Clerk of Court should be **DIRECTED** to: (1)  open a new habeas case for administrative purposes only; (2) docket the motion in that new case as a § 2254 petition filed on June 11, 2019; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings, Conclusions, and Recommendation and the order accepting these Findings, Conclusions, and Recommendation in the new case; and (6) without further judicial action, immediately **TRANSFER** the newly opened § 2254 action to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

SIGNED this 29th day of July, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7