IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MARK MILLIGAN, SR., #1883404,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:17-CV-1837-L** |
| § | |
| **DONALD MUNIZ, Warden,** § | |
| § | |
| Respondent. § | |

## ORDER

Before the court is Petitioner's Motion for Reconsideration of Final Judgment ("Motion for Reconsideration") (Doc. 41), which was docketed June 11, 2019. In his Motion for Reconsideration, Petitioner seeks reconsideration of the court's order and judgment dismissing this action on May 22, 2019, to which he filed a Notice of Appeal (Doc. 38). Petitioner's Motion for Reconsideration was referred to United States Magistrate Judge Irma Carrillo Ramirez, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 44) on July 29, 2019, recommending that the court construe the Motion for Reconsideration as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e); deny the motion to the extent Petitioner contends that he did not have access to the State court records and was denied an evidentiary hearing and appointed counsel during his federal habeas proceeding; construe Petitioner's new ineffective assistance of counsel claim based on the trial judge's recusal as a successive habeas petition under 28 U.S.C. § 2254; direct the clerk of the court to open a new habeas action for administrative purposes; and sever and transfer the new habeas action to the United States Court of Appeals for the Fifth Circuit for consideration. On July 26, 2019, the magistrate judge also entered an order (Doc. 43) denying a separate postjudgment Motion Requesting Order for

Order – Page 1

Respondent to Service Document 23-1 Through 23-47 (Doc. 37) that was docketed June 4, 2019. Petitioner filed objections to the Report (Doc. 45), which the court also construes as objections to the magistrate judge's July 26, 2019 order.

In his objections, Petitioner continues to maintain that he was denied access to the administrative record. In addition, he contends that his contention regarding the recusal of the trial judge is not a new claim, even though based on different facts. In support, Petitioner points to the ninth ground or claim in his habeas petition (Doc. 3), which he summarizes as follows: "<u>Ground Nine</u>: State Court decision during hearing was objectively unreasonable in that counsel was effective at time to file for a motion for new trial. Supporting Facts: The evidence before the [state habeas] court proved that the trial judge and [Pet.] counsel recused [disqualified] themselves from me [Pet.]." Obj. 1. Petitioner asserts that this claim was included in "the state habeas 11.07 and the originally filed petition [under] § 2254," but he acknowledges that "[t]he supporting facts differ some as they were developed" over time. Obj. 1.

Petitioner further asserts that, because he did not have "access to the record," he did know that the trial judge recused herself three days before denying his motion for new trial or that, three days after the judge's recusal, his trial attorney and the trial judge together "create[d] false documents for the record as if a motion for new trial had been filed and denied as if [] any [] such consideration was entertained by the court." *Id.* at 3. Defendant, therefore, continues to maintain, as he did in his previous objections (Docs. 32, 33) to the magistrate judge's prior findings and conclusions, that all orders entered after the recusal of the trial are "null and void," including the order denying his motion for new trial. *Id.* at 3-4. In addition, Petitioner contends that he did not learn of the trial judge's recusal until after his trial attorney filed his affidavit in the state habeas

proceedings. *Id.* at 2. Petitioner, therefore, argues that the court should consider the merits of his "claim # 9" based on the evidence in the record that satisfies this claim without opening a new habeas action or transferring the claim or action to the Fifth Circuit. Petitioner also contends that he was denied access to the administrative record in violation of Federal Rules of Civil Procedure 5 and 6.

According to the magistrate judge's prior findings and conclusions (Doc. 22), Petitioner's trial attorney submitted an affidavit in the state habeas proceedings to address Petitioner's ineffective assistance of counsel claim pertaining to the motion for new trial and stated as follows in the affidavit: "Mr. Milligan alleges that, after I withdrew from his representation and before the appointment of another attorney for him, the time had passed for filing of a motion for a new trial. This is not true. Four days after the jury's verdict on punishment, I filed a motion for new trial on his behalf, which the judge subsequently denied." Doc. 22 at 20 (citation omitted). In his ninth ground in this federal habeas action, Petitioner now contends that his trial attorney filed a motion for new trial, but the motion was filed without his knowledge, is frivolous, and was filed to cover-up his counsel's incompetence in failing to present evidence of his children's school records during his trial to support a justification defense:

> <u>Ground Nine</u>: State court decision during hearing was objectively unreasonable that counsel was effective at time to file for a motion for new trial.
>
> <u>Supporting Facts</u>: The evidence before the court proved that the trial judge and counsel ~~refus~~ recused themselves from me due to grief for their friend 2nd chair counsel on 10-19-12 after his self[-]induced death. This caused anger at me, and that I was angry at counsel's absolute failure to show the evidence, self[-]authenticating school records for 2011/12 school year[.] [P]etitioner was not aware this was precluded as was direct evidence of the false evidence and testimony unopposed by counsel. They Quit! In a very direct way told me to get out. Without my knowledge, three days later[,] [trial] counsel files a frivolous motion to the judge who denies it. In order to hide his errors, and gross incompetence or constructive incompetence

> precluded any fair hearing into his performance a clear conflict of interest existed, he took a sly way to cover. (RR2, DX#2)/(DX#9) 2010 school year records, he knew they were the wrong year. Petitioner adama[n]tly denied any assault of his wife, and that those SX20-60 are photo[]shopped by police, Clovis Holiday, CSI. [I]t should have been addressed then as by Breh Martin, and judge/DA Susan Hawk who dismissed the assault after their investigations, on 9-11-13.

Pet. 8 (Doc. 3).

While Petitioner mentions in passing in his ninth claim that the trial judge recused herself, the gist of this claim is clearly his contention that his trial counsel was incompetent and provided ineffective assistance of counsel in failing to present evidence during his trial, and that the motion filed by his trial counsel is frivolous and was filed to cover-up alleged errors made during the trial, which is completely different from Petitioner's new contention that the order denying his motion for new trial is null and void as a result of the trial judge's recusal, and his trial counsel and the trial judge colluded together to falsify records. Petitioner's prior objection to the magistrate judge's findings and recommendation was similarly based on his contention that the trial court order denying his motion for new trial is void because the trial court lacked jurisdiction to enter it, that his trial counsel knew that the trial judge lacked authority to rule on the motion for new trial but presented it for her consideration anyway, and that his trial counsel and the trial judge engaged in a conspiracy to cover-up alleged wrongdoing. *See* May 22, 2019 Order 3 (Doc. 34). It is for this reason that the court previously concluded that this was a new claim, notwithstanding Petitioner's reference to his "cl[ai]m #9." *Id.* The court also noted that Petitioner had not moved to amend his habeas petition to assert this new claim. *Id.* Moreover, Petitioner now acknowledges that the bases or facts supporting this new claim differ from those that he originally alleged in support of his ineffective assistance of counsel claim in the ninth ground of his habeas petition. Because Petitioner raises a new claim that was or could have been raised in his earlier habeas petition, the court agrees with the

Order – Page 4

magistrate judge that the claim constitutes a second or successive habeas petition within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996. When a petition is deemed successive, the district court lacks subject matter jurisdiction unless a panel of the United States Court of Appeals for the Fifth Circuit allows the successive petition to proceed.

The court also agrees with the magistrate judge's determination that any contention by Petitioner regarding the lack of access to the state court administrative record, and the denial of an evidentiary hearing and appointment of counsel in his federal habeas proceeding are not adequate bases for relief under Rule 59(e). To the extent Petitioner's Motion for Reconsideration also addresses matters that do appear to fall within the ninth ground and claim in his habeas petition—that his trial attorney provided ineffective assistance of counsel by filing a frivolous motion for new trial to cover-up his alleged failure to present evidence during the trial or address other matters in the motion for new trial—his contentions in this regard do not entitle him to relief under Rule 59(e), as he has not demonstrated the existence of an intervening change in controlling law, previously unavailable evidence, clear error of law, or a manifest injustice. Additionally, Petitioner's contention regarding the administrative record pertains only to his new successive claim over which the court lacks jurisdiction.

Accordingly, after reviewing the Motion for Reconsideration, pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, **overrules** Petitioner's objections, and **denies** his Motion for Reconsideration (Doc. 41). The court also **affirms** the magistrate judge's July 26, 2019

order (Doc. 43), denying Petitioner's separate postjudgment Motion Requesting Order for Respondent to Service Document 23-1 Through 23-47 (Doc. 37), which was docketed June 4, 2019.

Further, the court **directs** the clerk of the court to: (1) open a new habeas action for administrative purposes; (2) docket the Motion for Reconsideration (Doc. 41) as a § 2254 petition filed on June 11, 2019; (3) file a copy of the magistrate judge's Report (Doc. 44) and this order in the new civil action; (4) assign the new case to the undersigned and United States Magistrate Judge Irma Carrillo Ramirez; and (5) **transfer** the newly opened successive habeas petition to the Fifth Circuit for determination of whether it should be allowed to proceed.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

  **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

  (**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

An order transferring a successive habeas petition to the Fifth Circuit is not a final order requiring a certificate of appealability. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015). As this order addresses more than just Petitioner's new successive claim, the court includes a certificate of appealability.

**Order – Page 6**

in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report (Doc. 44). In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 16th day of August, 2019.

／s／ Sam A. Lindsay
Sam A. Lindsay
United States District Judge